THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO BIGIO RODRÍGUEZ, Defendant and Appellant.

No. 5905. Argued February 4, 1936.—Decided March 19, 1937.

*Martínez Nadal & Navarro Ortiz* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Pablo Bigio Rodríguez was found guilty of contempt by the three judges of the District Court of San Juan sitting in bank.

Bigio, by his contumacious conduct as a juror in a criminal case, had prevented a conviction. The gist of the charge was that by deceit, concealment, and false statements made in answer to questions put to him as a talesman on his *voir dire* he had obtained his seat in the jury box for the deliberate purpose of obstructing the cause of justice. For further details see *Bigio v. District Court of San Juan,* 46 P.R.R. 433.

There is but one assignment of error in proper form. It is that the district court erred in weighing the evidence. We have carefully examined the evidence in the light of appellant's argument and do not find any such manifest error in the weighing thereof as to require a reversal.

In appellant's brief after a discussion of the evidence under the heading "Questions of Fact" comes another heading "Errors of Law." Here we find, although not separately stated, a number of specifications: One is that the district

court erred in permitting a witness, Jorge Bird, to testify, over defendant's objection and exception, concerning conversations had with defendant during the recesses or while the jury was at lunch in the hotel, because the specific charge of the complaint was that defendant's statements had been made in the jury room. Another is that the court erred in permitting the district attorney to ask the same witness over defendant's objection and exception about defendant's attitude and about statements made by him in the jury room. A third is that the district court erred in permitting another witness, Esquilín, to testify concerning conversations beween witness and defendant in a hotel bedroom, first, because the jury was not deliberating at the time, and second because as already indicated, the complaint did not charge that defendant had made any statements in the hotel bedroom. The fourth is that the court erred in permitting this witness to testify to his comments on defendant's attitude, because these comments were not made by defendant nor specified in the complaint. The fifth is that the court erred in permitting a juror, José Somohano, to testify concerning statements made by defendant in the restaurant at the time when the jury was not deliberating for the same reasons as those set forth in connection with the preceding questions of law. The sixth is that the court erred in overruling a motion for nonsuit or for an acquittal at the close of the evidence for the prosecution, because that evidence was not sufficient to sustain the complaint and did not show any purpose on the part of defendant to deceive the court on his *voir dire* nor any disorderly, disrespectful, contemptuous, or disobedient conduct toward the court of which, as a juror he formed a part.

The complaint does not charge that the statements attributed to Bigio by the witnesses Bird, Esquilín, and Somohano were made in the jury room. The language of the complaint is "in the course of the deliberations." The complaint might

164

have been more specific, but if defendant desired further details as to the time and place of the conversations in question he should have asked for a bill of particulars. There was no suggestion of surprise either in the court below or in the brief for appellant. There is nothing to show that defendant was misled in any way by the complaint. The variance was not fatal.

 Appellant's position under the second of this group of errors is that no juror should be permitted to testify as to what may have occurred in the jury room. This question was discussed and disposal of in *Bigio* v. *District Court, supra*. The district court in a statement of the case and judgment said that it had overruled certain objections because in its opinion the prosecution had established a prima facie case sufficient to warrant the court in admitting evidence as to what had occurred during the deliberations of the jury. Appellant does not discuss the sufficiency of the showing made by the district attorney before the witness, Bird, or any other witness, was permitted to testify as to what occurred in the jury room. As a matter of fact, if the district court overruled any objection by defendant to questions asked by the district attorney while Bird was on the stand as to what occurred in the jury room, it has escaped our attention.

 Technically, the question raised by the motion for nonsuit disappeared after the introduction of defendant's evidence. There is always a possibility that any deficiency in the evidence for the prosecution may have been supplied by the evidence for the defense. Hence, after the close of the trial, if defendant has introduced any evidence, the question is as to the sufficiency of the evidence as a whole. If, however, it clearly appeared that the motion for nonsuit should have been granted and if it further appeared that defendant had not supplied the deficiency by his own evidence, we would not be disposed to affirm the judgment appealed from on technical grounds.

In the instant case, appellant discussed the evidence as a whole in the argument under his first assignment, *supra*, and we gave this aspect of the case due consideration in reviewing the evidence. Although there is some room for argument as to the existence or nonexistence of reasonable doubt, we are not prepared to reverse the solemn judgment of the three judges who presided at the trial and passed upon the sufficiency of the evidence.

The judgment appealed from must be affirmed.

Mr. Justice Travieso took no part in the decision of this case.